# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-10101
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH RAY KOETTING,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:91-CR-077-R)

December 8, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Ray Koetting was convicted for interstate transportation of stolen livestock and was sentenced to forty-one months imprisonment and a three year term of supervised release. Koetting's probation officer filed a petition seeking a supervised release violator's warrant, alleging that Koetting had violated mandatory and standard conditions of his supervised release. Koetting had been arrested by state authorities for felony theft and had failed to notify the probation officer within seventy-two hours of a change in his residence. The district court found Koetting in violation of the conditions of his supervised release and revoked his supervised release. The district court sentenced Koetting

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

to serve a term of imprisonment of twenty-four months. Koetting subsequently filed this appeal. We affirm the judgment of the district court.

## DISCUSSION

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995), petition for cert. filed (U.S. Aug. 21, 1995) (No. 95-5662); See 18 U.S.C. § 3583(e)(3). The decision to revoke a defendant's supervised release is reviewed for an abuse of discretion. McCormick, 54 F.3d at 219.

Koetting moved to suppress statements he made to Federal Bureau of Investigation agents Brad Keefer and Olin Manning. He contended that he was not given his Miranda[1] rights prior to being interrogated and that the agents obtained his statements through coercion and in violation of his right to counsel. The district court found no credible evidence of coercion and that Koetting volunteered the information. Indeed, the questioning took place upon the request of Koetting to speak with agent Keefer. At that time, Keefer read and offered Koetting a waiver which the latter signed, fully aware that he was declining his right to have counsel present.

Any waiver of the defendant's right to counsel is invalid if government authorities initiate interrogation after a defendant has asserted his right to counsel. Michigan v. Jackson, 475 U.S. 625, 636 (1986). However, a confession obtained through interrogation of a suspect after he has requested an attorney is admissible if the accused himself initiates further communication with authorities. Edwards v. Arizona, 451 U.S. 477, 484-85 (1971).

The "standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993), cert. denied, 114 S. Ct. 1384 (1994). The court did not commit clear error in finding that the government met its burden of showing that Koetting's waiver was voluntary and constituted a knowing and intelligent

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

2

relinquishment or abandonment of a known right or privilege. United States v. Logan, 949 F.2d 1370, 1376 (5th Cir. 1991), cert. denied, 503 U.S. 975, and cert. denied, 504 U.S. 925 (1992).

**Disclosure of Evidence**

Koetting argues that the Government failed to comply with Federal Rule of Criminal Procedure 32.1(a)(2)(B), which requires disclosure of inculpatory evidence prior to the revocation hearing. "Procedural due process rights apply in revocation hearings. A minimal requirement is that the defendant be given disclosure of the evidence against him. More flexibility, however, is allowed in these hearings than in an adversary criminal trial." United States v. Ayers, 946 F.2d 1127, 1129 (5th Cir. 1991) (citing Morrissey v. Brewer, 408 U.S. 471, 488-90 (1972)) (internal citation omitted); see United States v. Holland, 850 F.2d 1048, 1051 (5th Cir. 1988) ("Even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.").

The underlying state offenses in this case were related to the theft of a goose-neck trailer in Corsicana, Texas, and to alteration of the vehicle identification number on the trailer. Koetting complains that the Government failed to provide him with copies of an amended police report related to the theft of the trailer and a FBI 302 form prepared by Keefer. Koetting argues that the 302 form is the only document which links him to the theft of the trailer and that it was not produced until the afternoon of the hearing. Koetting's attorney did not have an opportunity to investigate the facts or challenge the Government's claim that the trailer Koetting had in his possession in Fort Worth was the same one stolen from Corsicana. Koetting also complains that he was not advised of the substance of the testimony of his probation officer and of agent Keefer. If the substance of Keefer's testimony had been disclosed, Koetting argues, Fort Worth pol ice department telephone records could have been subpoenaed to test the veracity of Keefer's testimony that Koetting had called him on the date of the interview.

Koetting admitted to Keefer in his confession that he had stolen the trailer, and he did not request a continuance to investigate whether he had initiated the meeting with Keefer. Koetting

3

was advised prior to the hearing of the substance of the allegations against him, and he had an opportunity to cross-examine Keefer and the probation officer at the revocation hearing. Although strict compliance with Rule 32.1 might have required the production of the amended police report and the 302 form, the failure to disclose those documents and the substance of Keefer's and the probation officer's testimony did not affect Koetting's substantial rights. See Ayers, 946 F.2d at 1129. Koetting had an opportunity to explain away the accusations against him and to offer mitigating evidence. See Holland, 850 F.2d at 1051.

Koetting contends that the Government failed to disclose Brady[2] and Jencks Act[3] materials. Specifically, Koetting contends that the Government failed to comply with his request for personnel files and impeachment materials for Government witnesses and any Jencks Act statements.[4] In order to prevail on a Brady claim, the defendant must prove that material evidence, favorable to him, was suppressed. United States v. Ellender, 947 F.2d 748, 756 (5th Cir. 1991). Exculpatory evidence as well as impeachment evidence falls under the Brady rule. Giglio v. United States, 405 U.S. 150, 154 (1972). Under the Jencks Act, the Government must produce any "`statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.'" United States v. Fragoso, 978 F.2d 896, 899 (5th Cir. 1992), cert. denied, 113 S. Ct. 1664 (1993) (quoting 18 U.S.C. § 3500(b)). Koetting has not identified any Brady or Jencks Act materials which were withheld; he merely suspects that such materials exist and have not been disclosed.

Koetting argues that he was entitled to know whether either investigating officer had a history of coercing confessions or otherwise acting improperly. There is no basis in the record for concluding that either officer acted improperly in this case, however; and Koetting does not suggest that he has subsequently discovered instances of improper conduct by either officer. Koetting argues

---

[2]Brady v. Maryland, 373 U.S. 83, 86, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[3]18 U.S.C. § 3500(b).

[4]Arguably, under Johnson, 455 F.2d at 933, Brady does not apply to revocation of supervised release proceedings. No case from this circuit was found which discussed the issue.

4

that the probation officer's notes and reports were "potentially exculpatory as well as impeaching." He does not explain in his brief why he believes that the notes were exculpatory and impeaching. The notes were produced to Koetting at the revocation hearing, and Koetting had an opportunity to cross-examine the probation officer.

Koetting argues that the Government should have investigated the personnel files and produced any Jencks Act materials. The Government responds that the "record does not reflect any attempts by the defense to interview [Keefer and the probation officer] or to subpoena any personnel files or field notes." Although "the Government may not properly conceal exculpatory evidence from a defendant, [Brady] does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case." United States v. Marrero, 904 F.2d 251, 260 (5th Cir.), cert. denied, 498 U.S. 1000 (1990); see East v. Scott, 55 F.3d 996, 1003-04 (5th Cir. 1995). On the other hand, this court has stressed "the need for disclosure of important information known or available to the prosecutor in order to promote the fair administration of justice." United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (quoting Calley v. Callaway, 519 F.2d 184, 224 (5th Cir. 1975), cert. denied, 425 U.S. 911 (1976)). "[T]he prosecutor has ready access to a veritable storehouse of relevant facts and, within the ambit of constitutional, statutory and jurisprudential directives, this access must be shared in the interests of inherent fairness to promote the fair administration of justice." Auten, 632 F.2d at 481 (internal quotations omitted).

Although the court could remand the case for a determination whether the withheld documents were material under Brady, there is no reason to do so in this case. See United States v. Turner, 741 F.2d 696, 698 (5th Cir. 1984) ("All that is required . . . is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." (citation omitted)). Koetting does not seriously dispute that he violated the condition of his supervised release requiring him to notify his probation officer within 72 hours of the change of his residence. After all, he confessed to Keefer that he had stolen the trailer, a violation of the condition of his supervised release requiring him to obey state and federal laws. The evidence against Koetting was

5

overwhelming and the Brady/Jencks Act materials, if any, do not go to the question of guilt or innocence.

## District Court's Findings Based on Extrinsic Report

Koetting argues that the district court improperly found that he had violated the conditions of his supervised release on the basis of a supervised release violation report that is not in the record and that the district court failed to provide written reasons for its decision. Although "[a] written statement is a requirement of procedural due process in ordinary probation revocation hearings," United States v. Kindred, 918 F.2d 485, 488 (5th Cir. 1990), the district court did indeed explain its findings and the reasons for its decision at the close of the revocation proceeding. The record is sufficient to support the district court's finding that Koetting violated conditions of his supervised release. "The written statement requirement serves both to provide a basis for review and to encourage accuracy in factfinding." Kindred, 918 F.2d at 488. In Kindred, the court refused to remand for written findings because the evidence presented at the revocation hearing overwhelmingly showed that Kindred had violated conditions of his supervised release. Id. The district court's judgment is supported by the record and there is no reason to remand for written reasons.

AFFIRMED.