**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-10091**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIE LEON WASHINGTON,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(5:94-CR-31-2-C)**
_____

June 4, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Willie Leon Washington appeals the district court's revocation of his supervised release. Washington was represented by appointed counsel (Federal Public Defender).

First, Washington maintains the court: should have required the Government to present independent evidence against him; and should have provided reasons for its judgment. Washington waived these rights by pleading true to the charges in the revocation motion. _See **Morrissey v. Brewer**_, 408 U.S. 471, 489 (1972); **United**

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Ayers*, 946 F.2d 1127, 1129-30 (5th Cir. 1991); *United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988).

Second, Washington also contends, for the first time on appeal, that the court should have ascertained on the record that this plea was knowing and voluntary. He asserts that, even though a revocation hearing is involved, such court-action is required under *Boykin v. Alabama*, 395 U.S. 238 (1969). Because Washington did *not* object to the court's failure to do so, review is *only* for plain error. *E.g., United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), *cert. denied*, 513 U.S. 1196 (1995). Washington does *not* even satisfy the first step for plain error review; he has failed to show "clear" or "obvious" error arising out of *not* being provided *Boykin* protections at the hearing.

*AFFIRMED*