# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-10155
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL KNOX,

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Northern District of Texas
(3:00-CR-253-ALL-D)**

_____

July 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

As his first issue for contesting the district court's revocation of his supervised release, Michael Knox asserts:  the district court should have required the Government to present independent evidence against him; and should have provided reasons for its judgment.  At a supervised release revocation proceeding, a defendant is entitled to certain due process protections, including disclosure of the evidence against him and a written explanation of the factfinder's reasons.  *See **Morrissey v. Brewer***, 408 U.S. 471, 488-489 (1972) (setting out requirements for parole

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation), ***United States v. Ayers***, 946 F.2d 1127, 1129-30 (5th Cir. 1991) (applying ***Morrissey***'s requirements to revocation of supervised release).   But, Knox waived those rights by pleading true to the charges against him.   *See* ***Morrissey***, 408 U.S. at 490; ***United States v. Holland***, 850 F.2d 1048, 1050-51 (5th Cir. 1988). We reject Knox's claim that, despite that waiver, more is required.

Knox's other issue is that the district court should have ascertained on the record that his plea of true was knowing and voluntary as is required under ***Boykin v. Alabama***, 395 U.S. 238 (1969) (requirements for guilty plea).  Because Knox did *not* object to the district court's failure to do so at the revocation hearing, review is *only* for plain error.  ***United States v. Olano***, 507 U.S. 725, 732-35 (1993).   Knox concedes that our court has refrained from deciding whether ***Boykin*** should be extended to revocations of supervised release.  *Cf.* ***United States v. Johns***, 625 F.2d 1175 (5th Cir. Unit B. 1980) (declining to extend Federal Rule of Criminal Procedure to probation revocation, but declining to reach protections afforded by ***Boykin***).   Furthermore, nothing in the record shows that Knox did *not* understand the consequences of his plea or the elements of his offense, nor does he assert his plea actually was unknowing or involuntary, thereby affecting his substantial rights.  In short, Knox has failed to show plain error.

***AFFIRMED***

2