**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-41314 & 02-41321

**UNITED STATES OF AMERICA**

**Plaintiff-Appellee,**

**versus**

**ANDY PEREIDA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-97-CR-224-1 & C-97-CR-289-1)**

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Andy Pereida appeals the revocation of his supervised release and the forfeiture of his appearance bonds. Primarily at issue is whether the district court properly forfeited those bonds to the mothers of Pereida's children. The forfeiture is **VACATED**; the remainder of the judgments is **AFFIRMED**; and these cases are **REMANDED**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1998, Pereida pleaded guilty in one case to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); in a second case, he was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Pereida was sentenced to two concurrent 57-month prison terms, followed by three years of supervised release.

Pereida was released in January 2002. That April, he was arrested for reckless driving and his vehicle impounded; during the inventory search, a bulletproof vest (body armor) was found in the trunk. At a subsequent revocation hearing, Garza, Pereida's uncle, testified that: the bulletproof vest was his; Pereida borrowed Garza's vehicle and Garza did not want the vest in his vehicle while Pereida drove; and, therefore, Garza placed it in the trunk of Pereida's automobile but forgot to remove it. Contradicting Garza's testimony, Pereida's ex-wife, Wilburn, testified that Pereida had bragged to her about owning the vest.

At the time of the revocation hearing, Pereida was in the process of divorcing his wife, Mirna Pereida. She is the mother of two of his children and was expecting a third. According to the separation agreement, Pereida was to pay $1,000 a month in child support. From March through June 2002, Pereida had not done so; Mirna Pereida sued in family court and recovered those payments.

Pereida paid his July support on 18 or 19 July (it was due the first of the month). At the time of the revocation hearing in late August and early September 2002, he had paid only $700 of the $1,000 August payment and was late on his September payment.

Pereida also paid child support to Wilburn, the mother of another of his children. He was obligated to pay $300 per month, together with $29,000 plus interest for prenatal care. At the time of the revocation hearing, he had not paid for the prenatal care.

Upon Pereida's mother's death, he received an annuity yielding $1,200 a month. In May 2002, several months before the revocation hearing, Pereida converted the annuity for approximately $152,000. (He will receive another lump sum distribution of $652,000 in 2004 and a final distribution of approximately $1 million.) That same day, he purchased a new automobile for $56,990 from a dealership in San Antonio. (Pereida gave the dealership a check for $67,948 to pay for both the new vehicle and the negative equity on the vehicle he was trading in.) Under the terms of his supervised release, he was prohibited from traveling to San Antonio; he instructed the sales manager to tell whomever called that the new vehicle had been delivered to Corpus Christi. The sales manager did so when Pereida's probation officer called.

In early June 2002, a police officer stopped at a party at Pereida's residence because it appeared minors were consuming alcohol. Pereida informed the officer he was on parole. The

3

officer asked whether Pereida was allowed to drink alcohol on parole and whether he was doing so. Pereida answered no to both questions. Although Pereida was required to inform his probation officer of police questioning within 72 hours, Pereida did not do so.

On 27 June (for cocaine conviction) and 1 July 2002 (for felon-in-possession conviction), the Government filed petitions to revoke Pereida's supervised release. It alleged Pereida: (1) violated Texas Penal Code § 46.041 (felon in possession of body armor); (2) failed to truthfully answer his probation officer regarding police questioning in May and June; (3) failed to pay child support for January through June 2002; and (4) failed to notify the probation officer within 72 hours of police questioning.

At Pereida's initial appearance on 2 July 2002, the magistrate judge ordered him to post a $50,000 appearance bond in each case. On Pereida's motion, the magistrate judge reduced each bond to $25,000. In doing so, the magistrate judge wrote on the order: "Bail set at $25,000.00 cash, with electronic monitoring and curfew set by Probation. Confirm payment of all child support". *United States v. Pereida*, No. C-97-CR-224 (S.D. Tex. 10 July 2002); *United States v. Pereida*, No. C-97-CR-289 (S.D. Tex. 10 July 2002).

Pereida executed two cash appearance bonds on 12 July. They did not include language regarding the "confirm payment of all

4

child support" term written in the earlier order.  In pertinent part, each bond states:

> If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions,* [*Any violation of law shall constitute a violation of conditions of release] payment of the amount of this bond shall be due forthwith.

On 16 July, the magistrate judge signed an order setting conditions of release in both cases; Pereida also signed them. They included:  "Defendant is to submit confirmation of resolution of all child support matters".

On 13 August, the district court granted an order assigning $25,000 of the appearance bond to Pereida's attorney.  On 21 August, the revocation hearing began.  The court vacated the bond assignment and stated it would assign the money to Pereida's wife and former wife because he was late paying his August child support.  Pereida was also remanded to custody.  The hearing was continued until September.

When the hearing resumed, the district court ruled that Pereida had violated the supervised release terms for each conviction, as alleged by the Government.  The court also found that Pereida traveled to San Antonio without permission and  urged the car dealer and his uncle (Garza) to lie.

5

The district court revoked Pereida's supervised release and sentenced him to 22 months in prison in each case, *to run consecutively*, followed by 14-months supervised release. It also ordered the two appearance bonds forfeited to Pereida's wife and former wife: $40,000 to Mirna Pereida; $10,000 to Wilburn. Defense counsel objected to the forfeiture, contending the court did not have authority to order it because Pereida made all his appearances. (Earlier in the proceeding, however, Pereida had consented to the allocation of $40,000 to Mirna Pereida.) Judgment was entered in both cases on 2 October 2002.

## II.

Pereida appeals the revocation, sentences, and forfeiture. He contends: (1) he was denied a fair and impartial revocation hearing; (2) the evidence was insufficient to support the revocation; (3) he was unlawfully sentenced; (4) he did not violate the purported child support bond condition; (5) the bond forfeiture was excessive and should have been set aside; and (6) the court lacked authority to assign the bond money to Mirna Pereida and Wilburn because the money can only be paid to the United States Attorney only on the Government's motion.

## A.

The district court ordered Pereida's bond forfeited because he failed to timely pay $300 of his $1,000 August child support to Mirna Pereida, failed to timely pay the September payment, and

6

failed to reimburse Wilburn $29,000 for prenatal care. Pereida contends: he did not violate the bond condition; and ordering the money forfeited was improper. An order of bond forfeiture is reviewed for arbitrariness or capriciousness. *United States v. Parr*, 594 F.2d 440, 443-44 (5th Cir. 1979).

Although bond forfeiture may be ordered for violations other than non-appearance, the terms of the bond are strictly construed. *United States v. Terrell*, 983 F.2d 653, 655 (5th Cir. 1993) (citing *Brown v. United States*, 410 F.2d 212 (5th Cir.), *cert. denied*, 396 U.S. 932 (1969)). Restrictions or conditions not within the express language of the standard appearance bond form should be recited in its body or, if attached, should be expressly referred to. *United States v. Clark*, 412 F.2d 885, 886 n.2 (5th Cir. 1969) (citing *United States v. Egan*, 394 F.2d 262, 267 (2nd Cir.), *cert. denied*, 393 U.S. 838 (1968)).

Although the order modifying the appearance bonds (signed before the bonds) and the conditions of release (signed four days after the bonds) contained terms requiring Pereida to confirm paying child support, the bonds did *not* contain such a condition. On the other hand, the bonds did contain a term requiring Pereida to appear "in accordance with any and all orders and directions relating to the defendant's appearance...."

In *Terrell*, the appearance bond contained the same condition. Our court concluded that this term integrated conditions of release

7

that related to defendant's *appearance*. 983 F.2d at 655. The conditions requiring defendant in **Terrell** to report weekly to the pretrial service officer, stay within a certain geographic area, and not possess controlled substances were held to relate to defendant's appearance and were, consequently, bond conditions for which forfeiture was appropriate. **Id**. Our court reasoned that all of these conditions either made it more likely defendant would appear or less likely he would abscond. **Id**.

Obviously, unlike the conditions in **Terrell**, the condition of release requiring Pereida to confirm child support payment does *not* relate to his *appearance*. This confirmation condition does *not* make it more likely that Pereida will appear, nor does it reduce the costs of locating him if he fails to do so. Thus, it is not integrated as a bond condition through the "orders ... relating to appearance" language. Further, no other language within the appearance bonds arguably incorporates the child support confirmation condition. Therefore, the district court erred by ordering the bonds forfeited. (Accordingly, we need not address whether the district court erred by declaring the money forfeited to Mirna Pereida and Wilburn and not the United States.)

B.

Concerning the revocation of supervised release, Pereida contends: (1) he was denied due process; (2) the evidence was insufficient; and (3) his sentences were illegal and plainly

8

unreasonable.  In district court, Pereida did not object on any of these grounds.

1.

Pereida contends his due process rights were violated because the district court was biased, did not objectively evaluate the evidence, put undue emphasis on the child support issue, and interrupted his counsel during cross-examination.  Pereida's failure to object results in this claim being reviewed only for plain error.  *E.g., **United States v. Ayers***, 946 F.2d 1127, 1131 (5th Cir. 1991).  For such error, there must be a clear and obvious error affecting Pereida's substantial rights; even then, we have discretion whether to reverse and, generally, will not do so unless that error also impugns the fairness, integrity or public reputation of judicial proceedings.  ***Id***.

The record does not support Pereida's contention that the district court acted with bias or did not objectively evaluate the evidence.  There is no absolute confrontation right during a revocation proceeding, ***United States v. Grandlund***, 71 F.3d 507, 510 (5th Cir. 1995), *cert. denied*, 516 U.S. 1152 (1996); in any event, his counsel was allowed to sufficiently cross-examine witnesses. There is no clear or obvious error affecting Pereida's substantial rights.

2.

Next, Pereida contends the evidence was insufficient to support finding he violated his supervised release conditions. Where a defendant fails to object in district court to the sufficiency of evidence, we review only to determine whether the record is devoid of evidence supporting the judgment. *E.g., **United States v. Herrera***, 313 F.3d 882, 885 (5th Cir. 2002) (en banc), *cert. denied*, 123 S. Ct. 1375 (2003).

The record is *not* devoid of such evidence. Pereida's probation officer testified that Pereida failed to truthfully answer questions regarding police questioning during his party or report such questioning. For the body armor violation: the bulletproof vest was found in Pereida's car; and his former wife testified that he bragged about owning it. Finally, as for failing to pay child support, it was shown Pereida: was sued by Mirna Pereida to collect child support; was consistently late in making payments; and had not paid September's support at the time of the revocation hearing.

3.

Finally, Pereida asserts his sentence was illegal or plainly unreasonable because the aggregate of the consecutive 22-month prison terms followed by 14 months of supervised release (58 months) is greater than the original 36-month term of supervised release. Again, because Pereida failed to object in district

court, this issue is reviewed only for plain error. ***United States v. Sias***, 227 F.3d 244, 246 (5th Cir. 2000).

Concerning this issue, a court can impose "a term of imprisonment followed by a term of supervised release, so long as the aggregate of these two terms is less than or equal to the defendant's original term of supervised release". ***United States v. Bewley***, 227 F.3d 343, 344 (8th Cir. 1994) (quotation omitted); 18 U.S.C. § 3583(h) (when supervised release revoked, term of imprisonment can be ordered, followed by supervised release term, as long as aggregate does not exceed original term of supervised release). A district court, however, has the authority to impose consecutive sentences upon the revocation of concurrent terms of supervised release. ***United States v. Gonzalez***, 250 F.3d 923, 926 (5th Cir. 2001). Each consecutive sentence is for 22 months, plus 14-months supervised release. This totals 36 months for each sentence, which does not exceed the original supervised release term of 36 months. There is no error, let alone plain error.

### III.

The forfeiture of the two appearance bonds is **VACATED**; the remainder of the judgments is **AFFIRMED**; and these cases are **REMANDED** to district court for such further proceedings, consistent with this opinion, as may be necessary.

*VACATED IN PART; AFFIRMED IN PART; REMANDED*

11