United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50777
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVON JOHNATHAN SANTIROSA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-113-ALL-SS
---------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

Devon Johnathan Santirosa appeals the 24-month statutory maximum sentence he received following the revocation of his supervised release. He contends that the district court violated his due process rights and FED. R. CRIM. P. 32 when it departed upwardly from the recommended guidelines range based on factors not disclosed to him prior to the revocation hearing, depriving him of the opportunity to respond adequately or to present any mitigating evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Santirosa is correct that persons on supervised release are entitled to procedural due process in connection with revocation of that release, including notice of the evidence to be used against him. See United States v. Ayers, 946 F.2d 1127, 1129 (5th Cir. 1991); Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972); FED. R. CRIM. P. 32.1. However, the policy statements contained in Chapter 7 of the Sentencing Guidelines regarding supervised-release revocations are advisory only and do not bind sentencing courts at a revocation hearing. See United States v. Escamilla, 70 F.3d 835 (5th Cir. 1995); United States v. Mathena, 23 F.3d 87, 89-93 (5th Cir. 1994). The same stringent due process and Rule 32 standards regarding notice of factors for departures under the guidelines do not apply to departures from non-binding, advisory policy statements. See United States v. Hofierka, 83 F.3d 357, 362 (11th Cir. 1996).

Because a sentencing court in revocation proceedings is not required to give notice of its intent to depart from the policy statements, there is likewise no requirement that it give notice of the reasons for such departure from them. Id. at 7-8. Contrary to his assertion, Santirosa had no due process right to notice of the evidence that the district court might rely on to exceed the recommended guidelines range and impose the statutory maximum sentence. See id. He received sufficient notice that he faced a 24-month sentence by virtue of the statute and the court's admonition at the revocation hearing. See id.; see also

18 U.S.C. § 3583(e)(3).  Santirosa's due process challenge fails, and the district court's judgment is AFFIRMED.