IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-51098
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

UVALDO GONZALEZ, also known as Guero, also known as Pelon

Defendant-Appellant

Appeal from the United States
for the Western District of Texas
USDC No. 7:07-CR-115-1

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Uvaldo Gonzalez appeals the 36-month sentence imposed by the district court following the revocation of his supervised release. He argues that the district court offered "very little justification" for the sentence, which was the maximum allowed by statute and twice that recommended by the Sentencing Guidelines' policy statements. He also argues that the court's reasoning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the temporal proximity between the violation and his release from prison was insufficient to justify the sentence.

Gonzalez did not object to his sentence in the district court. This court requires a defendant to object in order to preserve an argument for appeal, even where the defendant does not have notice of the court's intent to impose a sentence above that recommended by the Guidelines. See, e.g., United States v. Milton, 147 F.3d 414, 420 (5th Cir. 1998) (requiring objection despite lack of notice of intent to depart). Accordingly, review of the sentence is for plain error only. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007). This court may correct the sentencing determination only if there is error that is plain and that affects substantial rights. Id. The decision to correct the forfeited error is left to this court's sound discretion, and this court "should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (alteration in original) (internal quotation marks omitted).

The district court considered the policy statements of Chapter 7 and explained its reasons for issuing a non-guideline sentence. The court gave fact-specific reasons for the sentence, noting in particular that Gonzalez had engaged in criminal activity relatively soon after his release. The court also noted that Gonzalez's recent criminal activity involved a very serious marijuana conspiracy. Contrary to Gonzalez's argument, the district court could properly consider the temporal proximity between the violation and his release from prison in determining the sentence. See 18 U.S.C. § 3553(a)(1). Gonzalez has not demonstrated plain error with respect to his revocation sentence. See Peltier, 505 F.3d at 391; United States v. Smith, 440 F.3d 704, 707-08 (5th Cir. 2006).

Gonzalez also argues for the first time on appeal that the district court violated FED. R. CRIM. P. 32(h) and his right to due process by failing to provide him with notice of its intention to "depart upward." "The same stringent due

process and Rule 32 standards regarding notice of factors for departures under the [G]uidelines do not apply to departures from non-binding, advisory policy statements." United States v. Santirosa, 94 F. App'x 231, 231-32 (5th Cir. 2004). "[A] sentencing court in revocation proceedings is not required to give notice of its intent to depart from the policy statements." Id. at 232; see FED. R. CRIM. P. 32.1.

AFFIRMED.