# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-41128
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL ALAN SMARR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-901-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Alan Smarr appeals the revocation of his supervised release imposed following his conviction for transporting illegal aliens. He argues that the district court's denial of his motion for a continuance of the revocation hearing violated his due process right to a fair hearing. Smarr argues that he was denied adequate disclosure of the evidence against him, adequate time to investigate and interview witnesses, the right to present evidence, and the right to confront and cross-examine the witnesses against him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Smarr did not receive the supplemental report until the day of the revocation hearing and the Government did not object to the continuance, Smarr has not shown that the district court abused its discretion in denying his motion for a continuance or violated his due process rights. Smarr had approximately seven weeks after counsel was appointed to investigate the charges, conduct discovery, locate any potential witnesses or exculpatory evidence, and prepare for the hearing. Smarr did not file for a continuance before the hearing. He moved orally for a continuance at the hearing because he did not receive the probation department's supplemental report until the day of the revocation hearing. Smarr does not explain why he could not have investigated the charges and discovered whether a videotape or witnesses existed prior to the date of the final revocation hearing. Smarr does not identify any specific favorable evidence or favorable witnesses that would have been discovered if a continuance had been granted. Because he has not shown that he suffered "specific and compelling or serious prejudice" due to the district court's denial of his motion for a continuance, he has not shown that the district court abused its discretion in denying his motion. See United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999). Further, because Smarr has not shown that he suffered prejudice as a result of the denial of the continuance, he has not shown that the denial of the continuance violated his due process rights. See United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994); see also United States v. Ayers, 946 F.2d 1127, 1129-30 (5th Cir. 1991).

AFFIRMED.