# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-11215
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN LOPEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-11-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Valentin Lopez-Martinez (Lopez) appeals the revocation of his term of supervised release on grounds that he illegally reentered the United States. He asserts that the Government failed to prove by a preponderance of the evidence that the Attorney General did not consent to his reentry.

The probation officer testified without objection from the defense that Lopez violated conditions of his supervised release by returning to the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States illegally following his removal in 2007. The evidence also included Department of Homeland Security records for Lopez dated one week before the revocation hearing. The records contained no indication that he had received the Attorney General's consent to return. Although Lopez speculates generally that the records may have been inaccurate or incomplete, and he complains that the sponsoring witness lacked personal knowledge of them, he points to nothing specific about the records indicating that they were unreliable. The district court did not err by admitting them. *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995); *United States v. Ayers*, 946 F.2d 1127, 1129–30 (5th Cir. 1991).

The record also shows that Lopez has a significant criminal history that includes convictions for burglary and possession of a controlled substance. The Attorney General would not have granted a waiver of inadmissibility in the absence of "extraordinary circumstances" or a showing that a denial "would result in exceptional and extremely unusual hardship." 8 C.F.R. § 212.7(d); *see, e.g., Perez Pimentel v. Mukasey*, 530 F.3d 321, 323–24 (5th Cir. 2008). Lopez stated that he returned to the United States because he was "mentally manipulated" in Mexico and because he wanted to see his ex-wife "to talk about a house" they had purchased. He did not indicate anything that would have justified a waiver of inadmissibility from the Attorney General.

When the record is viewed as a whole and in the light most favorable to the Government, the finding was plausible that the Attorney General did not consent to Lopez's return to the United States. Accordingly, the district court did not clearly err in making the finding, *see United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 n.3, 792 (5th Cir. 1994), and we find no abuse of its discretion in the revocation of Lopez's term of supervised release. *See United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995).

AFFIRMED.