# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30679
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIZABETH MARGARET CHILDS, also known as Elizabeth Childs, also known as Christina Margaret Childs, also known as Elizabeth Kaufman, also known as Stephanie White, also known as Christine Elizabeth Finn, also known as Christine Childs Finn, also known as Elizabeth Margaret Kaufman, also known as Christine Finn, also known as Beth Childs, also known as Margaret Chiles, also known as Liz Chiles, also known as Nicole Childs,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20016-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Elizabeth Margaret Childs pleaded guilty to bank fraud and was sentenced to 24 months of imprisonment and 60 months of supervised release. Childs pleaded true to violating numerous conditions of her supervised release

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30679

and now appeals the 36-month prison sentence she received after her supervised release was revoked.

First, Childs argues that the district court gave inadequate reasons for its sentence.  Because Childs objected only generally to the reasonableness of her sentence, review of the procedural reasonableness of her sentence is for plain error.  *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012) (citing *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009) (explaining that plain error review applies on appeal where defendant failed to raise any of the specific claims of procedural error before the district court)).  Given that the district court was presented with and considered many reasons for a sentence outside the guidelines policy statement range and these reasons addressed the applicable 18 U.S.C. § 3553(a) factors, Childs fails to show that under plain error review her sentence was not procedurally reasonable.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Kippers*, 685 F.3d at 497-99.

To the extent Childs argues that the district court erred in failing to give her notice of its intent to upwardly depart from the guidelines policy statement range, such notice is not required in revocation proceedings.  *See United States v. Santirosa*, 94 F. App'x 231, 231-32 (5th Cir. 2004); FED. R. CRIM. P. 32.1.

Finally, to the extent Childs suggests that her 36-month sentence is substantively unreasonable, she has not shown that the district court abused its discretion given that she had absconded for years and committed additional crimes during that period.  *See Kippers*, 685 F.3d at 500-01.

AFFIRMED.