# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60543
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAY CHARLES LENOIR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CR-121-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ray Charles Lenoir pleaded guilty of receiving stolen checks and possessing with the intent to distribute cocaine base. He was sentenced to a term of imprisonment and a five-year term of supervised release, which commenced in 2010. In 2014, the district court revoked Lenoir's supervised release, imposed a six-month term of imprisonment, and ordered an additional three-year term of supervised release. Lenoir appeals that decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60543

Lenoir argues that the district court violated his due process rights by failing to make written findings explaining its decision to revoke his release. *See Morrissey v. Brewer*, 408 U.S. 471 (1972); *United States v. Ayers*, 946 F.2d 1127, 1129 (5th Cir. 1991). In particular, he complains that the court made no finding that he violated standard condition 11, which required him to notify his probation officer within 72-hours of any contact with law enforcement.

Lenoir did not raise his argument in the district court. Accordingly, we will review the issue for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). To demonstrate plain error, Lenoir must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have the discretion to correct such an error but only if it affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At the revocation hearing, the district court found that Lenoir had violated more than one condition of his release by hiding his income in an attempt to avoid paying restitution and taking out loans without prior approval of the probation officer.[1] That oral finding was sufficient to satisfy the procedural process due. *See United States v. Copeland*, 20 F.3d 412, 414-15 (1994). Although the district court did not make a finding that Lenoir violated standard condition of release number 11, Lenoir's other violations provided an adequate basis for the revocation of his supervised release. *See United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995). Lenoir has not shown error, plain or otherwise.

---

[1] In making that statement, the district court implicitly found Lenoir guilty of violating standard condition three, requiring Lenoir to truthfully answer the probation officer's questions pertaining to his employment; standard condition six, requiring Lenoir to notify the probation officer prior to any change in his employment; special condition 15, requiring Lenoir to provide the probation officer with any requested financial information; and special condition 16, prohibiting Lenoir from obtaining credit without approval of his probation officer unless he was in compliance with his restitution payments.

No. 14-60543

In his opening brief, Lenoir asserts that the evidence was insufficient to support the district court's revocation decision.  However, he has waived any challenge he might have raised by failing to adequately brief the issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In his reply brief, Lenoir asserts that the evidence was insufficient to support the district court's finding that he violated special condition 16, which prohibited him from opening new lines of credit.  We will not consider the issue because Lenoir did not raise it in his opening brief.  *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

We also will not consider Lenoir's challenge to the restitution provisions in the original judgment.  A defendant may not challenge his underlying conviction or original sentence on appeal from the revocation of his supervised release.  *See United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009).

Lenoir has, however, identified errors in the revocation judgment which require correction.  The judgment incorrectly indicates that Lenoir "admitted guilt" of violating standard condition 11, which required him to notify his probation officer of any contact with law enforcement.  Lenoir neither admitted that violation nor was found guilty of the violation by the district court.  Also, the judgment incorrectly indicates that Lenoir "admitted guilt" of violating standard conditions three and six and special conditions 15 and 16.  Lenoir did not admit those violations.  The district court found Lenoir guilty of the violations after a hearing.  Accordingly, we remand this case to the district court for correction of those clerical errors pursuant to Federal Rule of Criminal Procedure 36.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS IN JUDGMENT.