**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Clinton HOLLAND,
Defendant–Appellant.**

No. 87–1733
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 25, 1988.

As Amended On Sua Sponte Recall of Mandate Sept. 20, 1988.

Thomas S. Morgan, Midland, Tex., (Court-appointed), for Holland.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for U.S.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

## I.

On April 13, 1977, James Holland pled guilty to a charge of escaping from the custody of the United States Attorney General in violation of 18 U.S.C. § 751 (1976). He was sentenced to eighteen months imprisonment. Holland was to serve six months of the sentence with the remainder suspended followed by five years of probation. The written judgment, the docket sheet and the Clerk's Memo of Proceedings all state that Holland's sentence was to run *consecutively* with sentences imposed by the Northern District of Texas for two previous offenses.

Ten years later, the United States filed a motion to revoke Holland's probation on grounds that Holland had: 1) committed forgery in Lubbock County, Texas; 2) associated with a known convicted felon; 3) failed to provide urine specimens as directed after admitting to the probation officer that he had used illicit drugs; 4) failed to report to his probation officer as directed and, 5) been arrested in Houma, Louisiana, on a traffic warrant.

On July 17, 1987, a probation revocation hearing was convened. Holland contended that the written judgment setting forth his probationary term did not accurately reflect the oral pronouncement of his 1977 sentence. He stated that in the 1977 sentencing hearing, the judge stated that his sentence was to run concurrently with his two previous sentences. If this were true, Holland's probationary term would have ended in 1982, prior to the filing of the motion to revoke. The district court continued the revocation hearing to permit Holland time to find evidence supporting his allegations.

The hearing reconvened on September 11, 1987; however, Holland had been unable to locate a transcript of the 1977 proceedings, the court reporter's notes, or a tape recording of the sentencing proceedings. Holland's attorney contacted the attorney who represented him at the sentencing hearing; however, he had no independent recollection of the oral pronouncement of the sentence, and could find no notations about it in his file.

Having heard this evidence, the district judge revoked Holland's probation and sentenced him to twelve months imprisonment. An entry on the docket sheet indicates that Holland admitted violating the terms of his probation. However, no documentation in the record suggests that testimony was heard or that Holland admitted the allegations in the motion to revoke his probation. Holland appeals. We vacate and remand for further proceedings.

## II.

■ Holland argues that the alleged discrepancy between the oral and the written pronouncement of the 1977 judgment is grounds for reversing the revocation of his probation. We disagree.

Holland's first challenge to the 1977 hearing was made in the hearing to revoke his probation. If there was a variance between the oral and written sentence im-

posed in 1977, Holland should have challenged it by way of direct appeal or by a motion for correction of sentence under Fed.R.Crim.Pro. 35(a). Holland is now foreclosed from attacking the terms of his earlier sentence on his subsequent appeal from the order revoking probation. *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir.1987).

## III.

Holland next contends that the probation revocation hearing violated his right to procedural due process because he was not afforded the opportunity to confront and cross-examine witnesses or to present witnesses or documentary evidence on his behalf. He states that the district court's failure to make a written statement setting forth the evidence relied on and the reasons for revoking his probation violated his due process rights. We agree.

■ The revocation of probation implicates a probationer's fundamental liberty interest and hence entitles him to procedural due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656 (1973). At a probation revocation hearing, the probationer must be given "'an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.'" *United States v. Turner*, 741 F.2d 696, 697 (5th Cir.1984) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972)). At a minimum, due process requires that the probationer be given: 1) written notice of the claimed violation of probation; 2) disclosure of evidence against him; 3) an opportunity to be heard in person and to present witnesses and documentary evidence; 4) the right to confront and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation; 5) a neutral and detached hearing body; and 6) a written statement by the factfinder of the evidence relied on and reasons for revoking the probation. *Morrissey, supra*, 92 S.Ct. at 2604. The record in this case does not indicate that Holland was afforded these minimum protections.

■ When it is determined that a person charged with a probation violation admits the violation charged, the procedural safeguards announced in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593,

2504, 33 L.Ed.2d 484 (1972) are unnecessary. *Morrissey, supra,* 92 S.Ct. at 2605; *United States v. Cox,* 435 F.2d 151, 152 (5th Cir.1970); *McClure v. United States,* 389 F.2d 279 (9th Cir.1968). However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *United States v. Turner,* 741 F.2d 696, 697 (5th Cir.1984).

■ In the instant case, there is a question as to whether Holland actually admitted the probation violations charged during the probation revocation hearing held. The docket sheet notation dated September 1, 1987 reads as follows:

"Final revocation hearing held, testimony heard, Defendant admitted allegations, court finds Defendant has violated the terms of probation, Probation revoked and set aside."

The notation that Holland admitted the allegations against him was based on a form marked by the courtroom deputy clerk. The transcript of the September 11 hearing does not otherwise affirmatively disclose that Holland admitted probation violations. It contains comments by the court indicating that the sentence pronounced in 1977 was to be served consecutively, not concurrently with another sentence. Thereafter, the court stated: "As a consequence I find that you have not served your sentence, Mr. Holland, and in consideration of what we have heard previously, I am at this time going to go ahead and sentence you on the basis of what I have heard in here."

■ Contrary to the government's contentions, a probationer's admission that he violated the terms of probation does not entitle him to less due process than a probationer who contests the asserted violations. Even a probationer who admits the allegations against him must be given an opportunity to "explain away the accusation," *Hahn v. Burke,* 430 F.2d 100, 104 (7th Cir.1970), *cert. denied,* 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971); *United States v. Panzeca,* 463 F.2d 1216, 1218 (7th Cir.1972), and to offer mitigating evidence suggesting that the violation doesn't warrant revocation. *Turner, supra,* 741 F.2d at 697.

IV.

Because the record in this case is insufficient to support a finding that Holland violated the terms of his probation and does not show that Holland was afforded the opportunity to contest the allegations in the motion to revoke, the district court's order is

VACATED and REMANDED.

PER CURIAM:

In the interest of justice the mandate of this court issued August 16, 1988 in this case is recalled *sua sponte.* The paragraph marked [5–7] of the opinion of this court dated July 15, 1988, is withdrawn. [Editor's Note: Changes ordered have been incorporated into the opinion.]

This court has now been advised by the district court that Holland has served his sentence and that the case has been dismissed. Accordingly it is unnecessary to remand the case to the district court to clarify on the record whether Holland admitted probation violations.