**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-11332

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN LAND,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CR-18-ALL-R)

October 18, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this appeal from the district court's revocation of supervised release and imposition of an additional term of imprisonment, Defendant-Appellant Stephen Land contends that he did not confess to, or concede the truth of, the probation office's allegations of his violation of the terms of his release. Land insists that the district court's reliance on his lawyer's admission of the allegations as true is insufficient to comply with

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the requirements of due process.  For the reasons set forth below, we reject Land's contentions and affirm.

I.

FACTS AND PROCEEDINGS

In May, 1989, Land pleaded guilty to two counts of a multicount indictment charging narcotics violations.  He was sentenced to 180 months' imprisonment and three years of supervised release.  In June, 1992, the court granted the government's motion to reduce Land's sentence to a total of 90 months' imprisonment because of his post-sentencing assistance to prosecutors.  His term of supervised release remained unchanged.

In January, 1997, jurisdiction over Land's supervised release was transferred to the Northern District of Texas.  In September, 1998, the probation office petitioned for, and the court issued, a supervised-release violator's warrant, the bases of which were allegations that Land used amphetamine on August 16, 1998, and consumed alcohol on January 3, 1998.

A brief hearing on the petition was held in district court on October 30, 1998.  At the hearing, the court began by asking Land's lawyer whether he had gone over the charged supervised-release violation with his client, and counsel responded that he had.  The court then asked:  "And what will be the plea be to those charges?"  Counsel responded:  "The plea is true, Your Honor."  Although he was present with his lawyer at the time, Land said nothing.  The court then stated:

> Okay.  Then based upon the defendant's plea of truth, I will find that the defendant violated his terms

of supervised release as alleged in the supervised release violation report. And all of the supervised release violations are dealing with the defendant's problems with drugs, in this case amphetamine.

Land's counsel then pleaded for leniency in the court's sentencing of Land, and Land made his only statement: "I messed up and made a mistake and I'm sorry, Your Honor."

The court revoked Land's release and sentenced him to 18 months' imprisonment. Land filed a timely notice of appeal.

## II.

### ANALYSIS

Land asserts that the district court did nothing during the revocation hearing to ascertain that Land admitted to, or agreed with, the allegations in the petition to revoke supervised release. He contends that the court instead improperly accepted as conclusive the statement of Land's attorney that the plea was true. Land argues that, in so doing, the court violated his rights under the Fifth Amendment's Due Process Clause.

As Land failed to raise this issue in the district court, review is for plain error. Pursuant to Fed. R. Crim P. 52(b), we may correct forfeited errors only when the appellant shows that: (1) there is an error; (2) that is clear or obvious; and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Even when these factors are established, the decision to correct the forfeited error is still within the sound discretion of the appellate court, and it will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of the

3

judicial proceedings. United States v. Olano, 507 U.S. 725, 735-36 (1993). "[I]n most cases the affecting of substantial rights requires that the error be prejudicial, it must affect the outcome of the proceeding." Calverley, 37 F.3d at 164.

In parole and probation-revocation hearings, due process generally requires written notice of alleged violations, disclosure to the parolee of the evidence against him, an opportunity to be heard and present evidence, an opportunity to confront and cross-examine witnesses, an impartial hearing body, and a written statement of reasons by the finder of fact. Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (parole); United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988) (probation revocation). The same due process rights are required for those facing revocation of supervised release. United States v. Grandlund, 71 F.3d 507, 510 n.5 (5th Cir. 1995). An admission of the violation charged, however, waives these due process protections. See Holland, 850 F.2d at 1050-51.

The issue here is whether Land admitted his guilt as to the charged violations. The specific question is whether defense counsel's admission of his client's guilt —— spoken in the immediate presence of the client while he stands mute and makes no effort to contest or disagree with it —— satisfies the requirement of a statement of admission, or whether due process requires that the defendant personally utter his admission of guilt. The government argues that counsel's statement under these facts was sufficient, and that, in any event, Land's subsequent statement to

the court that he "messed up" should qualify as his admission of guilt.

In Holland — an appeal following revocation of Holland's probation — there was a question whether Holland "actually admitted the probation violations charged during the probation revocation hearing held." 850 F.2d at 1051. The record contained a form notation marked by the courtroom deputy clerk stating that Holland admitted the allegations against him. Id. The transcript of the probation-revocation hearing did not otherwise affirmatively disclose that Holland admitted the probation violations. Id. We concluded that the record was insufficient to support a finding that Holland violated the terms of his probation because it was unclear whether Holland actually admitted the charged violations. Id.

Whether Land's attorney's statement, made on behalf of Land and in his presence, admitting to the probation violations, is sufficient to support the district court's determination of guilt presents a factually distinct situation from the one in Holland. Land's counsel's clear and unequivocal words of guilt, spoken during the dialogue with the court, and followed first by Land's silent acquiescence and immediately thereafter by Land's allocution in which he conceded that he had "messed up" — a statement that in context, can signify nothing less than ratification of his lawyer's concession of violation, if not a personal confession — provides adequate support for a finding that Land freely and knowingly admitted to the alleged violations. We find no plain error in the district court's actions, much less an error that seriously affects

5

the fairness, integrity, or public reputation of the proceedings that led to the revocation of Land's supervised release and assessment of his new sentence.

AFFIRMED.