United States Court of Appeals
Fifth Circuit

**F I L E D**

September 5, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50732
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR CARLOS ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-295-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Victor Carlos Alvarez appeals the revocation of his probation following his 1999 guilty-plea conviction for bank fraud. He asserts that there was insufficient evidence to support his revocation and ensuing sentence and that the district court, when it truncated Alvarez's cross-examination of his probation officer, denied Alvarez his due process rights.

The district court did not abuse its discretion in revoking Alvarez's probation in light of Alvarez's plea of true to eight violations of the conditions of probation. See United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Teran</u>, 98 F.3d 831, 836 (5th Cir. 1996).  Moreover, Alvarez's admissions of violations of the conditions of probation waived his due process protections.  <u>See</u> <u>United States v. Holland</u>, 850 F.2d 1048, 1050-51 (5th Cir. 1988).

Alvarez conclusionally asserts that the district court did not afford him an adequate opportunity to allocute, that the district court erred in quashing a subpoena duces tecum, and that his actual sentence was excessive in comparison to the suggested guideline sentencing range.  These assertions are not adequately briefed, and we do not consider them.  <u>See</u> <u>United States v. Torres-Aquilar</u>, 352 F.3d 934, 936 n.2 (5th Cir. 2003); FED. R. APP. P. 28(a)(9). Nor do we consider Alvarez's arguments, raised for the first time in his reply brief, that he was never notified of his default in restitution and that the admissions he made at his revocation hearing were involuntary.  <u>See</u> <u>United States v. Avants</u>, 367 F.3d 433, 449 (5th Cir. 2004).

AFFIRMED.