United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-60263
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC LAMOND BARBER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-103-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judge.

PER CURIAM:*

Cedric Lamond Barber appeals the district court's revocation
of his supervised release imposed following his conviction of
conspiracy to possess with intent to distribute cocaine.

Barber argues that under <u>Morrissey v. Brewer</u>, 408 U.S. 471
(1972), the district court violated his due process rights when
it denied his motions for continuances and when it shifted to the
defense the burden of providing a noncriminal explanation of a
factor that it used in sentencing him.  However, Barber waived
<u>Morrissey</u>'s procedural due process safeguards when he admitted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had committed the violation on which the revocation of his supervised release was based.  See United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988).  Accordingly, the district court did not abuse its discretion in denying Barber's motions for continuance and did not improperly shift to Barber the burden of proof of a factor used in sentencing him.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005); United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999).

Barber argues that his sentence was unreasonable because the district court failed to adequately consider the sentencing factors listed in 18 U.S.C. § 3553.  This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005), because Barber has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  Barber's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Furthermore, a review of the record demonstrates that the district court considered the relevant sentencing factors.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, Barber's sentence was neither unreasonable nor plainly unreasonable.

AFFIRMED.