IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-20214
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARLON ZAVALA-MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-226-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 2001, Defendant-Appellant Marlon Zavala-Martinez pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced to 57 months in prison and three years of supervised release. Zavala-Martinez was released from custody in March 2005. Two years later, Zavala-Martinez was again arrested for illegal reentry, a charge to which he eventually pleaded guilty. Accordingly, the district court revoked Zavala-Martinez's supervised release and sentenced him to 20 months in prison, with

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no further supervised release to follow.  Zavala-Martinez now appeals that revocation decision, arguing for the first time that the revocation proceeding did not comport with the minimum requirements of due process.

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated. United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).  This court reviews for abuse of discretion a decision to revoke supervised release.  Id.  Questions of constitutional violations are normally reviewed de novo.  See United States v. Webster, 162 F.3d 308, 333 (5th Cir. 1998).  However, because Zavala-Martinez did not present his due process argument to the district court, our review is for plain error.  See United States v. Martinez, 496 F.3d 387, 389 (5th Cir. 2007); United States v. Magwood, 445 F.3d 826, 828 (5th Cir. 2006).  To show plain error, Zavala-Martinez must show an error that is clear or obvious and that affects his substantial rights.  United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008).  If Zavala-Martinez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.

A defendant facing revocation of supervised release, like Zavala-Martinez, is entitled to certain minimal due process rights such as written notice of alleged violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, an opportunity to confront and cross-examine witnesses, an impartial hearing body, and a written statement of reasons by the finder of fact.  Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972); see also United States v. Ayers, 946 F.2d 1127, 1129-30 (5th Cir. 1991); FED. R. CRIM. P. 32.1.  When a defendant pleads true to the allegations that he violated the terms of his supervised release, he waives the due process protections afforded to him except for his right to present mitigating evidence suggesting that the revocation is not warranted.  See United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988).  Although it is not clear whether the revocation hearing satisfied the

minimum requirements of due process, any error was harmless in light of Zavala-Martinez's unconditional guilty plea conviction on the illegal reentry charge.

The record reflects that Zavala-Martinez was arrested for illegal reentry on May 7, 2007. The record further reflects that three months later, Zavala-Martinez pleaded guilty as charged. Because Zavala-Martinez pleaded guilty to the offense that formed the basis for the revocation petition, the district court had no choice but to revoke his supervised release. See 18 U.S.C. § 3583(e)(3); see also United States v. Spraglin, 418 F.3d 479, 481 (5th Cir. 2005); United States v. Kindred, 918 F.2d 485, 488 (5th Cir. 1990); U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(a)(1) (2007). The record further reflects that the district court gave Zavala-Martinez an opportunity to offer mitigating evidence. See Holland, 850 F.2d at 1050-51. In light of his guilty plea, Zavala-Martinez cannot show plain error. Accordingly, the judgment of the district court is AFFIRMED.