# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-30731
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TRENELL GARNER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-50-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Trenell Garner appeals the district court's order and judgment revoking the supervised-release term, begun in October 2006, imposed following his conviction for being a felon in possession of a firearm. Upon revocation, the district court sentenced Garner to 12 months of imprisonment but did not impose any additional term of supervised release.

For the first time on appeal, Garner argues that the revocation judgment should be reversed because he was not afforded a preliminary hearing in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection with his revocation proceedings pursuant to FED. R. CRIM. P. 32.1(b)(1). Because Garner did not raise this issue in the district court, we review it only for plain error. To show plain error, Garner must show an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008), cert. denied, __ S. Ct. __, 2009 WL 56591 (No. 08-7559) (Jan. 12, 2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

At his initial appearance, Garner was informed of the allegations against him. Garner stipulated to detention at his detention hearing. Less than a month later, at his revocation hearing, Garner was informed once more of the allegations against him, he was represented by counsel at that hearing, and he stipulated to all of the allegations against him. Under these circumstances, Garner has not shown that the failure to conduct a preliminary hearing affected his substantial rights. Garner even concedes that he was not prejudiced by the failure to hold a hearing. We find no plain error.

Garner also asserts that the failure to hold a preliminary hearing violated his due process rights. However, in light of his stipulation to the allegations against him, he has not shown any due process violation, plain or otherwise. Cf. United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988) (probation revocation case); see also United States v. McCormick, 54 F.3d 214, 221 (5th Cir. 1995) (holding that the same due process rights granted to those facing revocation of parole are required for those facing revocation of supervised release).

AFFIRMED.