**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL W. CASH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1402-CR-94 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1210-FC-229

**August 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Michael W. Cash appeals from the trial court's order revoking his probation after his admission to the violation, contending that the trial court abused its discretion by revoking his probation and imposing a sentence of two years and 270 days in the Department of Correction. Concluding that there is no error here, we affirm the trial court's decision.

On October 22, 2012, Cash fled from a law enforcement officer at the Dearborn Superior Courts Probation Department after being informed that there was a warrant for his arrest due to a probation violation. The basis for the warrant was a drug-screen failure. Prior to fleeing, he engaged in a brief struggle with a special deputy assigned to work at the security desk at the probation department. After Cash's subsequent arrest, the State charged him with escape as a Class C felony, resisting law enforcement as a Class A misdemeanor, and battery on a law enforcement officer as a Class A misdemeanor. Cash pleaded guilty to escape as a Class C felony and was sentenced to four years in the Department of Correction, with three years suspended to probation and credit for 104 days.

Cash was released from the Department of Correction on July 29, 2013. In January 2014, he failed to appear for a drug screen. When Cash spoke with his probation officer he told her that he had gone to Richmond, Indiana "to get away" because of marital issues but was actually incarcerated for a new offense. Tr. pp. 19-20. On January 16, 2014, Cash was convicted of operating a vehicle while intoxicated.

The State requested a probation violation hearing on January 17, 2014, alleging that Cash had violated the conditions of his probation because of his conviction for operating a vehicle while intoxicated. The State amended its request on January 27, 2014, alleging

2

that in addition to his new conviction Cash had tested positive for narcotics. At the fact-finding hearing, the parties agreed to withdraw the amended petition, and Cash admitted to his conviction for operating a vehicle while intoxicated.

The trial court held a dispositional hearing on the matter on February 11, 2014. Cash's probation officer testified, "Based on my experience with Mr. Cash and also looking at his history . . . it does not appear that he takes probation seriously and that he would be successful if he continued on probation. . . ." Id. at 19. After acknowledging Cash's admission to the violation, the trial court observed that Cash had seven convictions, including two felonies, and five probation violations. Cash was on probation for escaping from the probation department when he was convicted of operating while intoxicated. The trial court noted, "The bottom line is, it appears to me that every possible chance that can be given has been given to Mr. Cash, and yet here we are again." Id. at 21. Cash was sentenced to two years and 270 days of his previously suspended sentence to be served in the Department of Correction, and his probation was terminated. Cash now appeals.

Cash claims that the trial court abused its discretion by choosing to revoke his probation and through its sentencing choice. We begin with the premise that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Courts in probation revocation hearings "may consider any relevant evidence bearing some substantial indicia of reliability." Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999). It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated. Prewitt, 878 N.E.2d at 188. In a sense, all

3

probation requires "strict compliance" because probation is a matter of grace, and once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly. Woods v. State, 892 N.E.2d 637, 641 (Ind. 2008). "If the probationer fails to do so, then a violation has occurred." Id. "But even in the face of a probation violation, the trial court may nonetheless exercise its discretion in deciding whether to revoke probation." Id. (citing Clark Cnty. Council v. Donahue, 873 N.E.2d 1038, 1039 (Ind. 2007) ("The probationary scheme is deliberately designed to give trial judges the flexibility to make quick, case-by-case determinations.")).

Violation determinations and sanctions are reviewed for abuse of discretion. Heaton v. State, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt, 878 N.E.2d at 188. "[W]e consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses." Woods, 892 N.E.2d at 639 (citing Braxton v. State, 651 N.E.2d 268, 270 (Ind. 1995)). "If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation." Id. at 639-40.

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. Woods, 892 N.E.2d at 640. Second, if a violation is found, then the trial court must determine the appropriate sanction for the violation. Id. A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations only by a preponderance of the

4

evidence. Cox, 706 N.E.2d at 551. Violation of a single term or condition of probation is sufficient to revoke probation. Ind. Code § 35-38-2-3(a)(1) (2012). When reviewing an appeal from the revocation of probation, the reviewing court considers only the evidence most favorable to the judgment, and does so without reweighing the evidence or reassessing the credibility of the witnesses. Cox, 706 N.E.2d at 551.

The basis for the alleged probation violation was Cash's commission of another criminal offense, operating a vehicle while intoxicated. A trial court's sentencing decisions for a probation violation are reviewable under an abuse of discretion standard. Prewitt, 878 N.E.2d at 188. Our Supreme Court offered the following reasoning in support of that standard:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

Id.

Cash admitted to the probation violation. In that situation our Supreme Court has observed that "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." Woods, 892 N.E.2d at 640 (citing United States v. Holland, 850 F.2d 1048, 1051 (5th Cir. 1988) (per curiam)). At the dispositional hearing, Cash expressed his remorse for the violation and stated that he was attending NA/AA meetings three times per week. He also testified about his health conditions including that he had suffered a pulmonary embolism and suffered from acute renal failure. However, even though his

5

pulmonary embolism occurred approximately a month prior to his arrest for operating a vehicle while intoxicated, and regardless of his renal condition, Cash continued to consume alcohol and drove a vehicle.

The trial court afforded Cash the opportunity to present mitigating evidence in an effort to avoid revocation of his probation. The trial court was in the best position to assess Cash's credibility and weigh that mitigating evidence. Furthermore, the trial court reviewed Cash's response to the numerous opportunities for leniency that he had been given in the past and his response to those opportunities. Cash had five probation violations and was on probation for escaping from the probation department when he was arrested for operating a vehicle while intoxicated. We cannot say that the trial court's decision to revoke Cash's probation constituted an abuse of discretion.

Likewise, we cannot say that the trial court's sentencing choice for that violation constituted an abuse of discretion. Indiana Code section 35-38-2-3(h)(3) (2012) authorizes the trial court to order the execution of all or part of the initial sentence that was previously suspended. Instead of addressing his problems with addiction, Cash continued to engage in conduct that demonstrated he did not take his problems with his addictions or his probation seriously. Because Cash had not responded well to the leniency afforded him by the trial court, it was not an abuse of discretion to order him to serve two years and 270 days executed in the Department of Correction and to terminate Cash's probation.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

6