**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 12 2014, 10:21 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STACY R. ULIANA**
Bargersville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON L. DAGUE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 01A05-1406-CR-250 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Chad E. Kukelhan, Judge
Cause No. 01C01-1006-FC-16

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Respondent Jason Dague pled guilty to two counts of Class D felony check fraud and sentenced to an aggregate three years. The trial court ordered Dague to serve the executed portion of his sentence on home detention. Appellee-Petitioner the State of Indiana ("the State") later filed a notice of probation revocation, alleging that Dague had violated the terms of his probation by consuming cocaine. At a hearing, Dague admitted the allegation and, pursuant to agreement with the State, the trial court deferred disposition on the condition that Dague commit no further violations of the terms of probation.

The State subsequently filed an additional notice of probation violation, alleging that Dague had falsely represented his employment status and had been charged with new criminal offenses. Following a hearing, the trial court revoked Dague's probation on the basis of his prior admission to cocaine use and ordered that his sentence for two counts of check fraud be executed. Dague contends that the trial court denied him due process when it denied his motion for continuance and refused to allow him to present evidence regarding alternate dispositions, and that even if neither of the two alleged errors are reversible error, together they warrant reversal. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 2, 2012, pursuant to a plea agreement, Dague pled guilty to two counts of Class D felony check fraud. On April 11, 2012, the trial court sentenced Dague to three years of incarceration for each count, to be served concurrently, with two-and-one-years of each suspended. The trial court ordered that the executed portion of Dague's sentence be served

on home detention (upon the completion of sentences being served in Allen and Noble Counties) and imposed formal probation for three years upon discharge of those sentences. On November 7, 2012, the State filed a "violation of Probation Petition 1.1" ("Petition 1.1"), alleging that Dague had violated the terms of his probation by consuming cocaine. After a hearing at which Dague admitted the allegation, the trial court accepted Dague's admission and, pursuant to agreement, deferred disposition of Petition 1.1 unless or until either party requested disposition.

On April 23, 2014, the State filed a second notice of probation violation, designated "Violation of Probation Petition 1.2" ("Petition 1.2"), alleging that Dague had falsely represented on March 24, 2014, to his probation officer that he had been maintaining employment for forty hours per week at Hometown Auto when, in fact, he had not worked at Hometown Auto since early February of 2014. Petition 1.2 also alleged that Dague had been charged on April 15, 2014, with Class C felony forgery and Class D felony theft in Cause Number 01C01-1404-FC-10. On May 7, 2014, the trial court held a dispositional hearing on Petition 1.1. Dague sought to have the matter continued so that he could show that he had secured employment and testified that he was guaranteed employment by Hill Automotive if he were allowed home detention or work release. On cross-examination, the prosecutor asked Dague if he had lied regarding previous employment:

> [Prosecutor]: Ok. And is it also true that you lied to your probation officer back in March where you were working at?
> [Defense Counsel]: Objection, Your Honor, again at this point we are only talking about bond and whether or not excuse me, only talking about a disposition continuance of disposition and whether or not he can be looked at for work release or home detention.

3

[Prosecutor]:  Right now the only evidence to support his basis is his word.  I am impeaching him.

Court:  Over ruled.  Ask away and answer.

[Prosecutor]:  Is it true that on March 24, 2014, you lied to your probation officer where you were working and how many hours a week you're working?

[Dague]:  I explained to Rhonda that day and she should have documented it in her computer, that I was bouncing between both places, Hill Automotive and also Home Town and that should be documented in your computer.  I also explained that there was times where me and my step-father didn't get along in that I would leave and go work for Hill Automotive and do training for him over there.

[Prosecutor]:  Is it true that you lied to your probation officer on March 24, 2014 that you were working full time at Home Town Auto?

[Defense Counsel]:  I'm going to object to this, if there's been anything as far as any type of an allegation as to a probation violation involving this aspect of the case, as we are not here on any type of a probation violation allegation, I'm not going to have him attempt to admit or not admit to something that could put him into jeopardy for something that is not before this Court right now.  This is an alleged violation of probation that we haven't covered, we've only had one matter covered.

[Prosecutor]:  I didn't raise this issue, Judge, defense did.

Court:  The honest issue.

[Prosecutor]:  They're raising the issues, I have the right to determine that the credibility of the witness, he doesn't have a right to silence as to a status issue on a probation case anyway.

Court:  Um-huh.

[Prosecutor]:  He has a right to silence to a new crime.

Court:  Ok, [Defense Counsel] If you're [sic] client doesn't want to answer it we'll just move to disposition.  How do you want [to] go?  How do you want to do it?  He's already made admission that he used cocaine while he was on probation.  The court does not appreciate that one bit…

[Defense Counsel]:  I understand that.

Court:  And you're asking for lenience, lenience from the court to give him time to be able to get qualified and yet he wants to be evasive on questions that would be relevant to his honesty.  Instruct your client.  What do you want to do?

[Defense Counsel]:  Let me talk to him a second.

Court:  Ok.

[Defense Counsel]:  Your Honor, he's willing to answer the question at this point, which I think, is there already a [Petition] 1.2 filed also?

4

> Court: Uh-huh.
>
> [Prosecutor]: Yes.
>
> [Dague]: You may as well do that one to [sic] while we're right here.
>
> [Defense Counsel]: And then at that point obviously if we become, if we get to that point, again he'd like to ask at that point again after he answers that question for the opportunity for the continuance to prepare since that's the second alleged violation to continue this case to allow him the opportunity to be looked at for home detention and work release if we're going to go down that road. Since that one wasn't before the Court today.
>
> [Prosecutor]: Still not before the Court today.
>
> Court: No. It's just want [sic] [the prosecutor] is doing, is impeaching your witness based on his honesty.
>
> [Defense Counsel]: But using the second violation which is not before the Court today is the bases [sic] for it. Where as [sic] impeachment…
>
> Court: Ok. Alright…
>
> [Defense Counsel]: And it's an uncharged act, if it's not before the Court then it's an uncharged act.
>
> Court: I think I've clouded the issue here and I'm not going to cloud it any further, Mr. Dague. You don't have to answer that question. Alright? But we are going to move to disposition. What's the State's position? What the defense counsel … motion for continuance denied. State's argument.

Tr. pp. 19-22 (formatting altered).

Dague's probation officer recommended a full revocation of Dague's sentence, and Dague's trial counsel urged the trial court to consider a short executed sentence and drug counseling. When Dague was asked about his admission to the allegation in petition 1.1, the following exchange occurred:

> [Dague]: Pretty certain that I admitted to it and we didn't make a dispositional or it was set for dispositional hearing at the State's request at that time.
>
> [Prosecutor]: The record will show, Judge, that it was a pending violation whenever it was filed on the record and then this last year, I believe in 2014 when [Dague's previous counsel] came there was an admission and parties agreed to withhold and disposition until requested by either party.
>
> Court: That's the way I remember it.

Tr. pp. 24-25 (formatting altered). When Dague's trial counsel requested that the trial court hear evidence about alternative dispositions from Dague as part of his argument, the trial court replied,

> Court: No I've heard enough. Um … I recall this prior hearing, Mr. Dague, you knew you were on a short leash on this and for whatever reason things haven't went well. You've used cocaine while on probation, which the court does not take lightly, does not … you're a danger to yourself and others if you're using cocaine when you're out. Um … I'm going to revoke the remaining two and a half years to D.O.C., probation terminated unsuccessful based on your prior admission. I would assume the State will dismiss 1.2?

Tr. p. 25 (formatting altered). Although the State did not move to dismiss Petition 1.2, it represented to the court that it would not request a hearing on the petition.

## DISCUSSION AND DECISION

Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

> The minimum requirements of due process include
>
> (a) written notice of the claimed violations of [probation]; (b)

disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body …; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

[*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2600-01, 33 L. Ed. 2d 484 (1972).] Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id*. at 479-80, 92 S. Ct. at 2599-2600. Indiana has codified the due process requirements of *Morrissey* in IC 35-38-2-3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses by the probationer. When a probationer admits to the violations, the procedural safeguards of *Morrissey* and the evidentiary hearing are not necessary. *Morrissey*, *supra*, at 490, 92 S. Ct. at 2604-05; *U.S. v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988). Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Morrissey*, *supra*, at 490, 92 S. Ct. at 2604-05; *Holland*, *supra*, at 1051.

*Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997) (footnote omitted and last set of brackets added).

## I.  Whether the Trial Court Denied Dague Due Process by Denying his Continuance Request

Dague contends that the trial court violated his due process rights by denying his continuance request, allegedly because he objected to, rather than answered, the prosecutor's questions regarding whether he had lied to his probation officer about his work history.

Rulings on nonstatutory motions for continuance lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Maxey v. State*, 730 N.E.2d 158, 160 (Ind. 2000). An abuse of discretion occurs only where the decision is clearly against the logic and effect of the facts and circumstances. *Palmer v. State,* 704 N.E.2d 124, 127 (Ind.

7

1999). We will not conclude that the trial court abused its discretion unless the defendant can demonstrate prejudice as a result of the trial court's denial of the motion for continuance. *Dorton v. State*, 419 N.E.2d 1289, 1295 (Ind. 1981). Continuances to allow more time for preparation are not favored and are granted only by showing good cause and in the furtherance of justice. *Timm v. State,* 644 N.E.2d 1235, 1237 (Ind. 1994).

*Stafford v. State*, 890 N.E.2d 744, 750 (Ind. Ct. App. 2008).

Dague does not argue that he was actually forced to incriminate himself. Dague alleges, however, that the trial court denied his continuance request as punishment for exercising his Fifth Amendment right against self-incrimination. Although the trial court denied Dague's request for continuance shortly after ruling that he did not have to answer the prosecutor's questions about whether he lied to his probation officer, there is no indication that the trial court denied the request as punishment for Dague exercising his rights. Proximity of the two events in the record does not imply causation or any other connection. Dague has failed to establish that the trial court denied him due process when it refused his request for a continuance.

## II. Whether the Trial Court Denied Dague Due Process by Declining to Allow Him to Testify Regarding Disposition Alternatives

Dague's second contention is that the trial court denied him due process when it declined to allow him to testify regarding alternatives to incarceration. The Indiana Supreme Court has held that "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (citing *U.S. v. Holland*, 850 F.2d 1048, 1051 (5th Cir. 1988) (per curiam)). Even assuming, *arguendo*, that

8

the trial court's decision amounted to an abuse of discretion in the abstract,

> [t]o reverse a trial court's decision to exclude evidence, there must have been error by the court that affected the defendant's substantial rights and the defendant must have made an offer of proof or the evidence must have been clear from the context. *Stroud v. State*, 809 N.E.2d 274, 283 (Ind. 2004). "This offer to prove is necessary to enable both the trial court and the appellate court to determine the admissibility of the testimony and the prejudice which might result if the evidence is excluded." *Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986). The purpose of an offer of proof is to convey the point of the witness's testimony and provide the trial judge the opportunity to reconsider the evidentiary ruling. *State v. Wilson*, 836 N.E.2d 407, 409 (Ind. 2005). Equally important, it preserves the issue for review by the appellate court. *Id.*

*Woods*, 892 N.E.2d at 641-42. Dague contends that he was denied the opportunity to make an offer of proof regarding alternatives to incarceration. The record simply does not reflect this. At no point following the trial court's decision not to allow further testimony from Dague does Dague object to the exclusion or affirmatively request the opportunity to make an offer of proof. It was Dague's obligation to make a record supporting his claim of error, and he failed to do so. Dague has failed to establish that the trial court abused its discretion in this regard.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J, concur.