# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50395
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BENNY RAY REGALADO, also known as Benny Regalado, also known as Benny R. Regalado,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-834-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Benny Ray Regalado appeals the revocation of his probation, imposed for his conviction of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and the court's imposing 100 months' imprisonment. Regalado contends the district court violated his due process rights by predetermining revocation and the imposition of an above-Guidelines

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentence.  He also asserts his sentence is plainly unreasonable, claiming the court failed to:  articulate sufficiently-compelling reasons for the sentence; and account for a sentencing factor that should have received significant weight— the need for the sentence to avoid unwarranted disparities between similarly-situated defendants.

When defendant pleads true to the allegations he violated the terms of his supervised release, as Regalado did, he waives due-process protections except for his right to present mitigating evidence indicating revocation is not warranted.  *See United States v. Holland*, 850 F.2d 1048, 1050–51 (5th Cir. 1988).  Thus, Regalado's challenge to his revocation on due-process grounds is waived.  *See id.*  To the extent Regalado challenges the court's decision to revoke probation based on allegations to which Regalado did not admit, we do not address this issue.  Regalado's plea of true to one allegation provides "an adequate basis for the district court's discretionary action of revoking probation".  *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984) (citations omitted).

After imposition of sentence, Regalado objected to the sentence as both unconstitutionally disproportionate to the severity of the offense, and contrary to the sentencing factors of 18 U.S.C. § 3553(a).  He did not assert the sentence was predetermined, or violative of due-process rights.  Nor did he contend the court failed to articulate sufficient reasons and/or give appropriate weight to a particular sentencing factor.

Because his objections were not sufficiently-specific to alert the court to the claims of error he now raises on appeal and to provide an opportunity for correction, review is only for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Under that standard, Regalado must show a forfeited plain (clear or

No. 18-50395

obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The court's warning during the sentencing proceeding for the original/underlying conviction (for which Regalado received probation) that he would receive a sentence greater than six years if he violated the conditions of probation does not constitute clear-or-obvious error. *See id.* And, the court provided adequate reasons for the imposition of Regalado's sentence on revocation of probation. Additionally, the written order reflects the court considered, *inter alia*, the Sentencing Guidelines policy statements of Chapter 7 in revoking probation before determining the facts of the instant case warranted a sentence of 100 months. The court's reasons are sufficient. *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). In short, Regalado does not show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135. Finally, Regalado's argument regarding unwarranted sentencing disparities is insufficient to show the court made a clear-or-obvious error in its assessment of the sentencing factors. *See id.*; *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

AFFIRMED.