# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 8, 2011

No. 11-60091
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDDIE MASON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-115-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges

PER CURIAM:[*]

Freddie Mason pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a). After serving out his prison sentence, he began a term of supervised release in January of 2009. In December of 2010, Mason's probation officer petitioned for a warrant for Mason's arrest on the ground that Mason had violated the terms of his supervised release by using cocaine and failing to abide by the conditions of home confinement. A few days later, the probation officer amended the petition to include a new basis for revocation: Mason's attempt to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

use a "whizzinator"—a device a used to substitute another liquid in the place of the urine of a person taking a drug test—to avoid testing positive for cocaine. Mason and his attorney did not learn of the whizzinator allegation until the morning of the revocation hearing about three weeks later. Nevertheless, Mason pleaded true to all of the allegations in both petitions, and the district court revoked both terms of Mason's supervised release.

The district court determined that Mason's prior criminal history was IV and that his violation was Grade C, with the result that the policy statements in Chapter 7 of the Guidelines recommended a sentence in the range of 6-to-12 months.[1] Based on Mason's attempt to deceive the probation officer with the whizzinator and his steadfast insistence during the revocation hearing that he did know there was anything wrong with using the device, the district court determined that an above-Guidelines sentence was appropriate. The statutory maximum on each count was 24 months.[2] The district court sentenced Mason to 30 months imprisonment: 24 months on one revocation and 6 months on the other, with the sentences to run consecutively.

On appeal, Mason argues that his sentence was patently unreasonable because the district court's decision to impose an above-Guidelines sentence was based on Mason's use of the whizzinator and this conduct was not charged in the original arrest-warrant petition. Revocation sentences are ordinarily reviewed under a highly deferential "plainly unreasonable" standard.[3] However, Mason

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a) (Policy Statement) (2010); *id.* § 7B1.1(a)(3) (Policy Statement).

[2] *See* 18 U.S.C. § 3583(e)(3) (providing that a defendant whose supervised release is revoked may not be required to serve more than two years in prison if the offense that resulted in the term of supervised released is a class C felony); *id.* § 3359(a)(3) (providing that 18 U.S.C. § 2113(a) (providing that an offense whose maximum term of imprisonment is ten or more but less than twenty-five years is a Class C felony); *id.* § 2113(a) (providing that the maximum term of imprisonment for bank robbery is twenty years).

[3] *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed*, No. 10-10784 (May 27, 2011).

did not object during the revocation hearing that the length of his sentence was unreasonable, so we review his sentence only for plain error.[4]   To show plain error, Mason must identify a forfeited error, clear under existing law, that affects his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[5]

Mason's argument that the revocation petition failed to charge him with using the whizzinator is factually inaccurate.  The amended petition includes this charge.  Mason did not receive notice of the amendment until the morning of the revocation hearing.  However, his attorney declined the district court's offer of additional time to confer with Mason about the allegation, to which Mason immediately pleaded true.  Even assuming *arguendo* that Mason had a due process right to receive earlier notice of the amendment, he waived that right by pleading true to the allegation.[6] Accordingly, Mason has not shown that the district court committed error, plain or otherwise, by considering his use of a whizzinator in determining the sentence.

When revoking supervised release, a district court may impose any sentence within the statutory maximum[7] and is free to order that the sentences run consecutively.[8] Because neither of Mason's sentences exceeded the statutory maximum, the district court did not plainly err in imposing them.[9]

AFFIRMED.

---

[4] *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).

[5] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[6] *See United States v. Holland*, 850 F.2d 1048, 1050–51 (5th Cir. 1988).

[7] *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008).

[8] *United States v. Gonzalez*, 250 F.3d 924, 926–27 (5th Cir. 2001).

[9] *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).