# United States Court of Appeals for the Fifth Circuit

---

No. 24-20319
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daruin Anelby Rosario,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-635-1

---

Before Elrod, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*]

In November 2020, Daruin Anelby Rosario was charged with possession of stolen mail and conspiracy to steal and possess stolen mail. Rosario pleaded guilty and was sentenced to twenty-one months of imprisonment to be followed by two years of supervised release on each charge, to run concurrently. Rosario's term of supervised release

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

commenced on July 12, 2022. In November 2023, Rosario's probation officer petitioned the court for a warrant on the grounds that Rosario violated several conditions of his supervised release.[1] Rosario's probation officer recommended that the court revoke Rosario's term of supervision. Rosario pleaded true to only the new law violations contained in the superseding petition, specifically, (i) possession of stolen mail; (ii) unlawful possession of a postal key; (iii) being a felon in possession of a firearm; and (iv) aggravated identity theft.

During the sentencing hearing, the district court heard argument from Rosario's counsel and the government regarding both the new law violations to which Rosario pleaded true[2] and the revocation of his supervised release. Relevant here, the district court revoked Rosario's term of supervised release and imposed two 24-month terms of imprisonment to run consecutively with no supervised release to follow. Rosario did not object. He now argues that the revocation sentences were "substantively unreasonable."[3] We disagree.

"Revocation sentences are ordinarily reviewed under a highly deferential plainly unreasonable standard." *United States v. Mason*, 440 F. App'x 370, 372 (5th Cir. 2011) (citation and footnote omitted). However, because Rosario "did not object . . . that the length of his [revocation]

---

[1] Rosario's probation officer filed a superseding petition with the court identifying twelve alleged violations by Rosario of the terms of the conditions of his supervised release, including four new law violations.

[2] The government moved to dismiss the new felon-in-possession charge against Rosario pursuant to the parties' plea agreement.

[3] Although the two 24-month revocation sentences each exceed the advisory policy statement range, each is within the statutory maximum. And "[w]e have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

sentence[s] was unreasonable," our review is for plain error. *Id.* (citing *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007)); *see also United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (explaining that where a defendant does "not object to the sentence below, [] we review for plain error"). To show plain error, Rosario must demonstrate (1) "an error or defect" (2) that is "clear or obvious, rather than subject to reasonable dispute," (3) that affected his "substantial rights, which in the ordinary case means . . . it 'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)); *see also* FED. R. CRIM. P 52(b). "Fourth and finally, if the above three prongs are satisfied, [this court] has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *Olano*, 507 U.S. at 736) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936))).

Rosario complains only that the district court ordered that the two 24-month term revocation sentences run consecutive to both each other and the 95-month sentence imposed for the new law violations. He urges that "a sentence either concurrent with the 95-month sentence or running the two 24-month revocation sentence[s] concurrently would have been sufficient." But "the district court h[as] the authority and the discretion to impose consecutive sentences." *United States v. Gonzalez*, 250 F.3d 923, 926 (5th Cir. 2001); *see also* 18 U.S.C.A. §§ 3584(a), (b). And the record reveals that the sentencing judge properly considered Rosario's statement, the arguments of his counsel and the government, the Sentencing Guideline Manual, and "the sentencing objectives outlined under 18, United States Code, Section 3553(a)." Rosario's argument that the district court's

decision to run the revocation sentences consecutively was unnecessary for deterrent purposes is, therefore, unpersuasive.

In support of his argument that "no post-sentence objection is required," Rosario cites our sister circuit's opinion in *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). That opinion is neither binding nor persuasive. The *Bartlett* court explains that Federal Rule of Criminal Procedure 51(a) "requires a [defendant to] protest immediately after the ruling if . . . [he] did not have an opportunity to argue the point earlier . . . But when an issue is argued before the judicial ruling, [the defendant] need not take exception once the court's decision has been announced." *Id.* at 910 (citing FED. R. CRIM. P. 51(a). Thus, where a defendant's sentence is the subject of "extensive argument and evidence," his counsel need not "argue with the judge once the sentence had been pronounced." *Id.* But the two 24-month revocation sentences imposed on Rosario were *not* the subject of "extensive argument" at the sentencing hearing. And although Rosario's counsel had ample opportunity to object, he failed to do so.[4] *See* FED. R. CRIM. P. 51(b). As our sister circuit explained, "it is far better to air and resolve the matter in the district court than to bypass available opportunities for correction and save the issue for appeal." *Bartlett*, 567 F.3d at 910. Rosario's argument that "no post-sentence objection" was required is unveiling.

Rosario also contends that the district court failed to adequately explain its decision to impose consecutive revocation sentences and that it

---

[4] The record reveals that Rosario's counsel chose only to clarify with the sentencing judge whether the two revocation sentences would run concurrently. Specifically, after the revocation sentence was imposed, Rosario's counsel asked whether, as to the "sentence on the supervised release, the Court is saying 24 plus 24, 48 . . . And that will run consecutive to the [the main sentence]." And when the sentencing judge asked if he had anything further, Rosario's counsel replied "No, you honor."

relied on retributive factors in that regard.    But Rosario raises these arguments for the first time in his reply brief.   We have held that "our court generally will not consider an issue raised for the first time in a reply brief." *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010) (citation omitted); *see also United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989) (citation omitted) ("This court will not consider a new claim raised for the first time in an appellate reply brief.").   Thus, we decline to address the merits of any claim regarding the district court's alleged failure to adequately explain its decision to impose consecutive revocation sentences or its supposed reliance on retributive factors in that regard.

Because we find no error, Rosario's revocation sentences are AFFIRMED.